IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. S-00cv633<br>) |
| ARNOLD V. HAWKINS and<br>HARBOR TITLE GUARANTEE COMPANY, | )<br>)<br>) |
| Defendants. | ) |

## STIPULATIONS AND CONSENT ORDER

This matter having come before the Court on the 9th day of March, 2000, upon plaintiff's Motion for Temporary Restraining Order, Appointment of a Receiver, for Prejudgment Attachment, and for Expedited Discovery, notice of said hearing have been provided to counsel for defendants both by telephone and in writing, and counsel for both parties appearing before the Court for hearing on March 9, 2000, and the Court having been advised by all counsel that certain stipulations have been agreed to and those stipulations having been read into the record in open Court by plaintiff's counsel, and defendants' counsel having confirmed the accuracy of the stipulations read into the record, it is, by the Court this 10a day of March, 2000,

ORDERED that the following stipulations are now fully applicable in this matter:

1.      That defendants shall not issue title insurance commitments or policies or conduct real estate closings in connection with the sale, pledge, transfer or other disposition of any property;

2.      That defendants and any entity, including, but not limited to, Roadmaster Tours, Inc., Regent Estates, Inc., Hawkins & Associates, Choice Realty, Inc., and Midas Realty, L.L.C.

in which either one or the defendants collectively own or control at least twenty-five percent (25%) of the ownership interest of such entity (referred to herein collectively as "Other Entities"), shall not sell, lease, pledge, gift, or otherwise transfer (referred to herein collectively as "transfer") any interest including, but not limited to, cash, notes, rents leases, mortgages, deeds, deeds of trust, and assignments of any of the foregoing in any real or personal property, without the advance written consent of plaintiff;

3. That any transfer in violation of this Order shall be null and void and may be set aside at the request of plaintiff;

4. That this Order shall not prevent the transfer of such items of real or personal property which defendant Hawkins is required by court order to transfer to his divorced spouse, Kim Hawkins (a/k/a Kim Blackwell); however, no such transfer shall occur without three (3) days' written notice to plaintiff. Such notice shall include a specific description of the item and a copy of the pertinent court order;

5. That defendants shall take all appropriate actions to protect and preserve all financial, real estate closing, and title related records relating to or arising out of the activities of any one of or both defendants since January 1, 1997. Such records shall include, but not be limited to, original documents, every non-identical copy thereof, and every draft, of all writings or other things from which information can be gained, including but not limited to correspondence, letters, memoranda, affidavits, notes, files, reports, papers, books, records, publications, printed matter, contracts, agreements, computer generated materials, appointment books, diary entries, desk calendars, tables, compilations, charts, recommendations, applications, forms, certificates, work papers, accounts, income tax returns, other records of obligations or expenditures, minutes, summaries or other records of or relating to any conference, meeting,

visit, interview or telephone conversation, transcripts, telegrams or telexes sent or received, photographs, newspaper clippings, sound recordings, audiotapes, videotapes, microfilm, microfiche, and information stored in a computer, and any other medium from which information may be obtained;

6. That the following bank accounts at the following financial institutions shall be closed as of March 9, 2000, and the proceeds remaining, if any, in the accounts shall be payable by bank checks to Fidelity National Title Insurance Company of New York: Account Nos. 2100041819, 200006126834, and 200000612821, at The Harbor Bank of Maryland, and Account Nos. 20400001238222, 003928150495, and 003928150932 at Bank of America;

7. That a certified copy of this Order shall be served upon the appropriate officer of each financial institution and said officer shall take all actions necessary to implement promptly paragraph 6 of this Order;

8. That defendants shall pay to plaintiff on or before April 10, 2000, an amount not less than $850,000.00 by wire transfer or by cashier's check. If such funds are not received on or before the close of business on April 10, 2000, defendants stipulate and agree, without further notice of any kind, to the Court's appointment of Richard Gins, Esquire, as receiver on behalf of defendant Harbor Title Guarantee Company with all the powers of a receiver as provided in Md. Rules 13-101 to 13-703;

9. That if defendants pay to plaintiff the amount of $850,000.00 on or before April 10, 2000, plaintiff shall promptly dismiss, without prejudice, the Complaint herein, with each party paying its own costs and attorney's fees.

10. That any notice required by this Order to be given to plaintiff shall be sent to David H. Cox, Esquire, 1120 20th Street, N.W., South Tower, Washington, D.C. 20036, telephone: (202) 457-1634, fax: (202) 457-6706, email: dcox@jackscamp.com;

11. That any notice required by this Order to be given to defendants shall be sent to William R. Buie, III, Esquire, 200 East Lexington Street, Suite 1200, Baltimore, Maryland 21202, telephone: (410) 576-3900, fax: (410) 576-3904.

12. That this Order shall not be construed to limit defendant Hawkins from maintaining an attorney trust account consistent with Md. Rule 16-603; and

13. That a confessed judgment note in the amount of $850,000.00 has been delivered by defendant Hawkins to plaintiff, and plaintiff may file an action on said note in the appropriate jurisdiction pending receipt of the funds per paragraph 8 hereof.

14. The defendants' time to answer or otherwise respond to the complaint is extended to 4/28/00.

[handwritten date: 3/10/00]

SO ORDERED

_____
Frederic N. Smalkin
United States District Court Judge

COPIES TO:

William R. Buie, III, Esquire
200 East Lexington Street, Suite 1200
Baltimore, Maryland 21202

David H. Cox, Esquire
Vernon W. Johnson, III, Esquire
Ann Marie Terzaken, Esquire
Jackson & Campbell, P.C.
1120 20th Street, N.W., South Tower
Washington, D.C. 20036

The Harbor Bank of Maryland
SERVE: Ted Hernandez, Senior Vice President
25 West Fayette Street
Baltimore, MD 21201

Bank of America
SERVE: Karen Weaver
100 S. Charles Street
Baltimore, MD 21201